```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


    FAULSTICK                                    CIVIL ACTION

    VERSUS                                       NO: 12-2903

    SOUTHERN TIRE MART, LLC.                     SECTION: "J" (3)
```

**ORDER AND REASONS**

Before the Court are Defendant Southern Tire Mart, LLC ("Southern Tire")'s **Motion to Transfer Venue (Rec. Doc. 6)**, Plaintiff Albert Faulstick's opposition to same **(Rec. Doc. 8)**, Defendant's reply thereto **(Rec. Doc. 11)**, and Plaintiff's *surreply* **(Rec. Doc. 14)**. Defendant's motion was set for hearing on March 13, 2013, on the briefs. The Court, having considered the motion and memoranda of counsel, the record, and the applicable law, finds that Defendant's motion should be **GRANTED** for the reasons set forth more fully below.

A district court may transfer an action to any other district where the plaintiff could have originally filed suit "for the convenience of the parties and the witnesses" when such a

1

transfer is "in the interest of justice." 28 U.S.C. § 1404(a). Such transfers are left to "'the sound discretion of the transferring judge.'" Mills v. Beech Aircraft Corp., Inc., 886 F.2d 758, 761 (5th Cir. 1989)(quoting Jarvis Christian College v. Exxon Corp., 845 F.2d 523, 528 (5th Cir. 1988)). Although a plaintiff's choice of forum is clearly important, that choice is "neither conclusive nor determinative." In re Horseshoe Entm't, 337 F.3d 429, 434-35 (5th Cir. 2003). In making such a determination, the transferring judge may consider the private and public interest factors. In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008)("Volkswagen II ").

The private interest factors a court should consider include: (1) "the relative ease of access to sources of proof;" (2) "the availability of compulsory process to secure the attendance of witnesses;" (3) "the cost of attendance for willing witnesses;" and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981)). The relevant public interest factors are: (1) the administrative difficulties created by court congestion; (2) the interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in

a forum that is at home with the state law that must govern the case; (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) the interest in avoiding unnecessary problems in conflict of laws, or in the application of foreign law. Id. The above-listed factors are not necessarily exhaustive or exclusive, and none should be given dispositive weight. Volkswagen II, 545 F.3d at 315 (citing Action Indus., Inc. v. U.S. Fid. & Guar. Corp., 358 F.3d 337, 340 (5th Cir. 2004)).

The Court, in its discretion, finds that the above-captioned matter should be transferred to the United States District Court for the Southern District of Mississippi, Hattiesburg Division.[1] Plaintiff's complaint indicates that this suit could have originally been brought in the Southern District of Mississippi. In particular, Plaintiff and Defendant are both citizens of Mississippi and the underlying events in this case all occurred in Mississippi namely, in Marion County.[2] Likewise, as the

---

[1] Because the Court's determination that this action should be transferred to the Southern District of Mississippi, Hattiesburg Division under 28 U.S.C. § 1404(a) is dispositive, it does not address the question of whether or not venue was proper in the Eastern District of Louisiana under 28 U.S.C. § 1391.

[2] This is an employment discrimination case. The underlying events in this case refer to Defendant's alleged October 1, 2011 demotion of Plaintiff from co-pilot to back-up pilot, and its alleged December 31, 2011 termination of Plaintiff. Compl., Rec. Doc. 1, pp. 2, 3, ¶¶ 8, 15. As alleged, these took place by phone in Mississippi. Any changes to documents/personnel records were recorded in Defendant's office located at 529 Industrial Park Road, Columbia, Marion

Complaint states and Defendant argues, the primary witnesses to be called in this case are all residents of Marion County, Mississippi.[3] Furthermore, while the Court takes into account Plaintiff's argument that it will be more convenient for him to travel to New Orleans than to Hattiesburg, it also notes that the difference in the travel distance is a mere 14.68 miles as the crow flies. As Defendant has pointed out, Plaintiff routinely traveled to Hattiesburg while employed; therefore, any

---

county, Mississippi 39429. See Def.'s Mot. to Transfer, Rec. Doc. 6, pp. 1–2, ¶ 4. Likewise, Defendant's have asserted that the decision to terminate Plaintiff was made in Marion County, Mississippi. Def.'s Mot. to Transfer, Rec. Doc. 6, p. 2, ¶ 5. Consequently, the Court notes that this not only indicates that the suit could have been filed in the Southern District of Mississippi originally, but moreover, it also supports Defendant's contention that all evidence relevant to this suit is located in Mississippi, not Louisiana.

[3] The primary fact witnesses in this case are all employees of Southern Tire and work in Southern Tire's Marion County office. Def.'s Mot. to Transfer, Rec. Doc. 6, p. 2, ¶ 5; Pl.'s Opp, Rec. Doc. 8, pp. 5-6 (discussing the residency and employment location of the fact witnesses and failing to contest that they reside in Marion County, Mississippi). Likewise, while the Court acknowledges Plaintiff's argument that his proposed expert witness resides in this district, there is at least some authority suggesting that the "witness convenience factor" should only be applied to fact witnesses, and not to expert witnesses. See Cormier v. Blue Marlin Support Servs., LLC, No. 11-3170, 2012 WL 3027099, at *3 n.7 (E.D. La. July 24, 2012); McDonough Marine Serv. v. Royal Ins. Co., No. 00-3134, 2001 WL 576190, at *5 (E.D.La. May 25, 2001); Trestman v. Microstrategy, Inc., No. 01-0685, 2001 WL 1471707, at *6 (E.D.La. Nov. 15, 2001); Promuto v. Waste Mgmt., Inc., 44 F.Supp.2d 628, 639-40 (S.D.N.Y.1999) (noting that "the convenience of expert witnesses is entitled to little weight, if any"). Furthermore, the number of fact witnesses residing in Marion County, Mississippi (three to four) far outnumber the one proposed expert witness residing here. See Wireless Recognition Techs. LLC v. A9.com, Inc., No. 10-364, 2012 WL 506669, at *5 (E.D.Tex. Feb. 15, 2012) (convenience of witness factor weighed in favor of transfer where "the number of witnesses residing in Texas, and any relevant information which they may provide, pale[d] in comparison to the number of party and non-party witnesses with relevant information residing in [the proposed transferee district]").

inconvenience to Plaintiff is minor in comparison to the inconveniences that the aforementioned fact witnesses would suffer. See Def.'s Reply, Rec. Doc. 11, p. 4. Based on these facts, the Court finds that the above-referenced private and public interest factors weigh in favor of transfer and, moreover, the interest of justice so requires it. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned matter be **TRANSFERRED** to the United States District Court for the Southern District of Mississippi, Hattiesburg Division.

New Orleans, Louisiana this 4th day of April, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE