IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ALBERT H. FAULSTICK**                                                                    **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 2:13cv65-KS-MTP**

**SOUTHERN TIRE MART, LLC**                                                      **DEFENDANT**

## OPINION AND ORDER

This matter is before the Court on five (5) Motions *in Limine* filed by the Defendant Southern Tire Mart, LLC ("Southern Tire").  (*See* Doc. Nos. [76], [77], [79], [80], [81].)  Having considered the motions, the responses, the record, and the applicable law, the Court finds as follows:

## Relevant Background

Plaintiff Albert H. Faulstick was employed by Southern Tire as an airplane pilot from 2005 to 2011.  Faulstick alleges that Southern Tire violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, in terminating his employment and replacing him with a younger worker.  On August 11, 2014, the Court entered its Memorandum Opinion and Order [92], ruling on Southern Tire's Motion to Strike Plaintiff's Expert Designation and to Exclude Testimony of Craig A. Silva, CPA ("Motion to Strike") [56] and Motion for Summary Judgment [58].  The Motion to Strike [56] was granted and the Court held that "Craig A. Silva, CPA is precluded from offering expert testimony at trial."  (Mem. Op. & Order [92] at p. 34.)  The Motion for Summary Judgment [58] was granted in part and denied in part.  Faulstick presented sufficient evidence to allow his ADEA claim to advance to trial.  However, the Court dismissed with prejudice Faulstick's demand for compensatory damages for pain and suffering,

emotional distress, mental anguish, loss of reputation, embarrassment, and humiliation. (*See* Mem. Op. & Order [92] at p. 34.)

### Standard of Review

The United States Court of Appeals for the Fifth Circuit has provided the following guidance:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted). Further, numerous federal courts have found "that motions *in limine* may be used to secure a pretrial ruling that certain evidence is admissible." *Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, No. 3:11cv58, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012) (citing cases).

### 1. Motion *in Limine* [76] Regarding Emotional Distress Type Damages

Southern Tire assets that damages for emotional distress and pain and suffering are unavailable under the ADEA. Thus, Southern Tire argues that evidence of Faulstick's alleged emotional distress, pain and suffering, humiliation, or embarrassment is irrelevant and inadmissible under Federal Rule of Evidence 402. Even if relevant, the probative value of the subject evidence is said to be substantially outweighed by the danger of unfair prejudice pursuant to Federal Rule of Evidence 403. Faulstick's opposition to this motion ignores the legal issue of whether he can recover damages for emotional distress and pain and suffering under the ADEA, and posits that

"Mississippi law recognizes general damages in cases such as this." (Resp. in Opp. to Mot. in Limine [89] at p. 2.) Faulstick also argues that the existence of his emotional distress reinforces his credibility in that there would be no reason for him to be upset upon learning of his termination if he planned to retire and did not want to move up to a larger airplane at that time.

The Court previously dismissed Faulstick's demand for emotional distress type damages because he did not respond to Southern Tire's request for summary judgment on this issue,[1] and because it is well established that damages for non-economic losses, such as pain and suffering and mental anguish, are unavailable under the ADEA.[2] Neither Faulstick's Complaint nor his opposition to summary judgment contains any reference to Mississippi state law. The Court finds that Faulstick cannot resurrect a claim for these types of damages by changing the legal basis for his demand from federal law (the ADEA) to Mississippi law via an opposition to a motion *in limine*.[3]

---

[1] *See Essinger v. Liberty Mut. Fire Ins. Co.*, 529 F.3d 264, 271 (5th Cir. 2008); *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

[2] *See, e.g., Comm'r v. Schleier*, 515 U.S. 323, 326, 115 S. Ct. 2159, 132 L. Ed. 2d 294 (1995); *Smith v. Berry Co.*, 165 F.3d 390, 396 (5th Cir. 1999); *Dean v. Am. Sec. Ins. Co.*, 559 F.2d 1036, 1038 (5th Cir. 1977); *Hall v. Smurfit-Stone Container Enters., Inc.*, No. 3:07cv0501-G, 2007 WL 2254942, at *2 (N.D. Tex. July 23, 2007); *Dowlearn v. Baker Oil Tools, Inc.*, No. Civ.A. 97-2787, 1997 WL 767721, at *3 (E.D. La. Dec. 10, 1997).

[3] Faulstick's late reliance on Mississippi law aside, his deposition statements concerning worry and lack of sleep without any physical pain or medical treatment are analogous to evidence found by several courts to be insufficient to support an award of emotional distress damages under Mississippi law. *See, e.g., Montgomery v. CitiMortgage, Inc.*, 955 F. Supp. 2d 640, 653-54 (S.D. Miss. 2013); *Wilson v. Gen. Motors Acceptance Corp.*, 883 So. 2d 56, 65 (¶¶ 30-33) (Miss. 2004); *Evans v. Miss. Dep't of Human Servs.*, 36 So. 3d 463, 476 (¶¶ 53-54) (Miss. Ct. App. 2010).

Given Faulstick's inability to recover damages for emotional distress in this case, any testimony by Faulstick regarding his alleged mental anguish or humiliation upon learning of his termination would be of marginal relevance. The Court fails to discern how Faulstick's testimony would significantly bolster his credibility since it and Faulstick's underlying contention that he wanted to move up to a larger airplane and continue working for Southern Tire would both be scrutinized by the jury for veracity. Also, the dangers of unfair prejudice to Southern Tire (associated with a jury award including compensation for Faulstick's emotional losses when the ADEA does not allow for such recovery) and jury confusion (associated with the jury hearing facts that should not factor into its verdict) substantially outweigh the limited probative value of the evidence. *See* Fed. R. Evid. 403. Accordingly, this motion will be granted.

### 2.  Motion *in Limine* [77] Regarding Liquidated Damages

Southern Tire principally argues that the Court should exclude liquidated damages as a possible remedy because Faulstick has no evidence to suggest that Southern Tire willfully violated the ADEA. A plaintiff may recover liquidated damages up to the amount of his or her back pay award for a willful violation of the ADEA. *See Smith*, 165 F.3d at 395 (citing 29 U.S.C. § 626(b)). A violation of the ADEA "is willful 'if the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA.'" *Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 398 (5th Cir. 2002) (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 113 S. Ct. 1701, 1708, 123 L. Ed. 2d 338 (1993)). In ruling on summary judgment, the Court found that Faulstick's request for liquidated damages under the ADEA should proceed to trial given the disputed factual record and the parties' limited briefing on the issue. The Motion *in*

*Limine* [77] does not clarify the disputed facts or evidence any error in the Court's summary judgment ruling. Therefore, the Court again declines to dismiss Faulstick's request for liquidated damages prior to trial.

Southern Tire alternatively argues three points: i) Faulstick should be precluded from referencing liquidated damages in the liability phase of the trial; ii) Faulstick should be precluded from referring to, or presenting evidence of the net worth or financial condition of Southern Tire or its owners in any phase of the trial; and iii) the Court should prohibit Faulstick from requesting that the jury act as the "conscience of the community" or "send a message" in rendering its verdict. The Court has denied Southern Tire's separate request to bifurcate the trial of this action into two phases: one to determine liability, if any, and the other to determine damages. (*See* Op. & Order [84].) Consequently, Southern Tire's related request to limit evidence of liquidated damages to the second phase of the trial is not well taken and will be denied.

Southern Tire claims that evidence concerning its financial condition or the net worth of its owners is irrelevant to the calculation of back pay or liquidated damages. Faulstick argues that "penalty damages" are at issue in this case and that evidence regarding the Defendant's finances may be presented during "the penalty damage phase of the trial." (Resp. in Opp. to Mot. in Limine [85] at p. 6.) The Court is unpersuaded by Faulstick's arguments and determines that the subject evidence is irrelevant to any issue remaining for trial. A jury may consider a defendant's net worth in determining the amount of an award of punitive damages under Mississippi law. *See* Miss. Code Ann. § 11-1-65(1)(e). However, Faulstick's Complaint reveals no claim for punitive damages under Mississippi law, and "the ADEA does not provide for punitive

damages." *Smith*, 165 F.3d at 395 (citing *Dean*, 559 F.2d at 1039). If by "penalty damages" Faulstick means "liquidated damages" under 29 U.S.C. § 626(b), no authority is presented to the Court wherein a defendant's net worth is examined to determine the existence of a willful ADEA violation. Furthermore, the Fifth Circuit has held "that liquidated damages in an amount equal to the back pay award are mandatory upon a finding of willfulness." *Tyler*, 304 F.3d at 401. Therefore, the jury will not have to examine the Defendant's finances to determine the specific amount of any potential liquidated damages award. Evidence of the net worth, financial condition, or financial status of Southern Tire or its owners will be excluded as irrelevant.

      The Court also finds Southern Tire's third alternative position well taken. Conscience of the community arguments are disfavored in the Fifth Circuit.[4] A district judge may order a new trial based on the submission of "conscience of the community" remarks if he or she believes the remarks infected the jury's deliberations and conclusions. *Guar. Serv. Corp.*, 893 F.2d at 729. The Court is not inclined to entertain post-trial motions resulting from the submission of improper "conscience of the community" or "send a message" pleas to the jury. Moreover, the Court sees no legitimate basis for waiting to correct the submission of improper arguments to the jury

---

[4] *See Guar. Serv. Corp. v. Am. Employers' Ins. Co.*, 893 F.2d 725, 729 (5th Cir. 1990) ("Arguments which invite a jury to act on behalf of a litigant become improper 'conscience of the community' arguments when the parties' relative popular appeal, identities, or geographical locations are invoked to prejudice the viewpoint of the jurors."); *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1238 (5th Cir. 1985) (Us-against-them pleas "can have no appeal other than to prejudice by pitting 'the community' against a nonresident corporation."); *accord Janssen Pharmaceutica, Inc. v. Bailey*, 878 So. 2d 31, 62 (¶¶ 143-44) (Miss. 2004) (reversing for a new trial where the jury was requested to "send a message", and providing that "[a]ppeals to passion and prejudice are always improper and should never be allowed") (citation omitted).

through rulings on objections or jury instructions when the issue can be resolved via a pretrial exclusionary ruling. *See Landrum v. Conseco Life Ins. Co.*, No. 1:12cv5, 2014 WL 28861, at *6 (S.D. Miss. Jan. 2, 2014) (granting the defendant's motion in limine with respect to any request for the jury to send a message or serve as the conscience of the community); *Riley v. Ford Motor Co.*, No. 2:09cv148, 2011 WL 3273592, at *4 (S.D. Miss. July 29, 2011) (same). Faulstick's apparent contention that he should be allowed to ask the jury to "send a message" in awarding "penalty damages" under the ADEA is unpersuasive and unsupported by any of the opinions cited in his opposition to Southern Tire's request for exclusion. (Resp. in Opp. to Mot. in Limine [85] at pp. 6, 7.) Accordingly, Faulstick and his counsel will be precluded from requesting that the jury "send a message" or act as the "conscience of the community."

### 3.  Motion *in Limine* [79] Regarding Front Pay

Southern Tire requests that the Court exclude any and all statements or evidence relating to Faulstick's claim for front pay because front pay is an equitable remedy, which is determined by the Court and not the jury. Faulstick argues that the jury should be permitted to consider evidence of front pay damages in an advisory capacity under Federal Rule of Civil Procedure 39(c). The Court declines both parties' requests.

Back pay is designed to compensate the plaintiff for the benefits he would have received but for the employer's discrimination. *Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 482-83 (5th Cir. 2007) (citations omitted). Generally, back pay liability begins to accrue at the time of the discrimination and ends upon final judgment. *Id.* at 483. "[F]ront pay is a prospective remedy that estimates the damage plaintiff will continue to suffer after the date of final judgment as a result of the wrongdoing." *Id.* at 490-91. An

award of back pay "is denominated as damages under [the] ADEA", while "front pay . . . rests within the court's equitable discretion . . . ." *Miller v. Raytheon Co.*, 716 F.3d 138, 146 (5th Cir. 2013) (citation omitted).  As between the equitable remedies of front pay and reinstatement, front pay is preferred.  *Palasota*, 499 F.3d at 488-89 (citations omitted).  However, front pay "is appropriate when reinstatement is not feasible." *Julian v. City of Houston, Tex.*, 314 F.3d 721, 728 (5th Cir. 2002) (citing *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 870 (5th Cir. 1991)).  A district court *may* utilize an advisory jury to determine an award of front pay pursuant to Federal Rule of Civil Procedure 39(c).  *Id.* at 729 n.25 (citation omitted).

Neither Faulstick nor Southern Tire argues that reinstatement is feasible in this case.  Thus, the Court will be called upon to award front pay in the event that Southern Tire is found liable under the ADEA.  The Court declines Faulstick's request for it to try this issue with an advisory jury under Rule 39(c).  District courts maintain broad discretion under this rule of procedure.  *See* 9 Charles Alan Wright et al., *Federal Practice and Procedure* § 2335 (3d ed.) ("the case law is abundantly clear:  it is completely discretionary with the trial judge whether or not to use an advisory jury under Rule 39(c)") (citations omitted).  Faulstick has not shown that any significant efficiency or economy gains are likely to be realized by having the jury first render a verdict on an issue that ultimately must be ruled upon by the Court.

Notwithstanding the foregoing, Southern Tire has failed to establish the necessity of a pretrial order excluding all evidence relating to Faulstick's claim for front pay from the jury's consideration.  The only specific evidence identified in Southern Tire's motion is "the salary information of Southern Tire's current pilots . . . ."  (Mot. *in Limine* [79] at ¶

2.) This information may be pertinent to Faulstick's claim for back pay, which is for the jury to decide,[5] since one of Southern Tire's current pilots replaced Faulstick and no final judgment has been entered in this case cutting off the accrual period for back pay liability. The remainder of Southern Tire's request to bar evidence is too broad and indefinite to enable an exclusionary ruling at this time. Generally, the Court cannot assess evidence or arguments that are not before it, and the Court opts not to guess as to what evidence Faulstick may present that solely pertains to his claim for front pay. Consequently, this motion will be denied without prejudice to Southern Tire's ability to assert specific objections at trial.

### 4. Motion *in Limine* [80] Regarding EEOC Proceedings

Southern Tire seeks the exclusion of "any reference to the EEOC proceedings, submissions made to the EEOC, or findings by the EEOC" under Federal Rule of Evidence 403. (Mot. *in Limine* [80] at ¶ 2.) In ruling on summary judgment, the Court found certain of Southern Tire's position statements submitted to the EEOC to be admissible under Federal Rule of Evidence 801(d)(2)(C) or (D) and relevant to the issue of pretext. Other district courts have issued analogous rulings.[6] Furthermore, the Fifth

---

[5] *See Palasota*, 499 F.3d at 486.

[6] *See, e.g.*, *Schilling v. La. Dep't of Transp. & Dev.*, No. 12-00661-SDD-SCR, 2014 WL 3721959, at *3 (M.D. La. July 28, 2014) (considering an EEOC investigative report under the business records exception to the rule against hearsay); *Cooper v. City of Indianapolis*, No. 1:10cv00804-JMS-DKL, 2011 WL 5179290, at *2 (S.D. Ind. Oct. 31, 2011) (defendant's representations to the EEOC could be considered for purposes of impeachment or as a party opponent's statements under Rule 801(d)(2)); *Tovar v. McHugh*, No. C-10-353, 2011 WL 4352367, at *5 (S.D. Tex. Sept. 16, 2011) (finding that certain evidence from the EEOC administrative proceeding was admissible under the public records exception to hearsay).

Circuit has found EEOC investigative reports and files "to be highly probative" and provided that Rule 403's balancing test "should not be misused in such a way that would end the presumption that evaluative reports are admissible hearsay under Rule 803(8)(C)." *Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 201 (5th Cir. 1992) (citations and internal quotation marks omitted); *see also McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396, 400 (5th Cir. 1985) ("EEOC determinations and findings of fact, although not binding on the trier of fact, are admissible as evidence in civil proceedings . . . ."). Upon review of Southern Tire's EEOC position statements, the Court fails to find that their "probative value is substantially outweighed by" any danger specified under Federal Rule of Evidence 403. In light of this determination and the preceding authorities, Southern Tire's broad-based request for the peremptory exclusion of any EEOC-related materials will be denied. The admission *vel non* of EEOC evidence will be made on a case-by-case basis at trial.

Southern Tire alternatively requests that the Court take judicial notice of the following determination supplied in the EEOC's notice of rights letter to Faulstick:

> Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

(Doc. No. [58-10].) As a corollary, Southern Tire asserts that under Federal Rule of Evidence "201, the Court must instruct the jury that the EEOC was unable to conclude that a violation of the ADEA had occurred." (Mot. *in Limine* [80] at ¶ 6.) The Court is cognizant of numerous opinions taking judicial notice of EEOC filings as documents of

-10-

public record in not converting motions to dismiss into motions for summary judgment.[7] However, the Court is unaware of, and Southern Tire fails to cite any authority taking judicial notice of the EEOC being unable to determine the existence of a statutory violation and then instructing a jury as to the EEOC's non-finding.  On the other hand, there is precedent weighing against the Court judicially noticing the above-quoted EEOC determination on the grounds that it is a legal conclusion,[8] that it is inextricably intertwined with the disputed issue of Southern Tire's alleged discrimination,[9] and that "EEOC determinations and findings of fact . . . [are] not binding on the trier of fact". *McClure*, 750 F.2d at 400.  Accordingly, Southern Tire's alternative request for relief under the Motion *in Limine* [80] is refused.

### 5.  Motion *in Limine* [81] Regarding Other Proceedings

Southern Tire moves for the exclusion of any references to other administrative proceedings or litigation against it based on relevance and several Rule 403 dangers. The details of any other lawsuits or claims involving Southern Tire are not before the

---

[7] *Spears v. Jefferson Parish Sch. Bd.*, No. 13-6266, 2014 WL 2739407, at *5 (E.D. La. June 17, 2014) (citing cases).

[8] *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998) ("Rule 201 authorizes the court to take notice only of 'adjudicative *facts*,' not legal determinations.") (citation omitted); *Safley v. Wells Fargo, NA*, No. 2:12cv00795-JAM-CKD, 2012 WL 2371401, at *3 (E.D. Cal. June 21, 2012) (declining to take judicial notice of legal conclusions reached by a government agency).

[9] *See Wooden v. Mo. Pac. R.R. Co.*, 862 F.2d 560, 563 (5th Cir. 1989) ("The essential defect in Wooden's argument is that the fact he asks be noticed is closely joined to an obviously, and legitimately, controverted issue . . . ."); *Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334, 347-48 (5th Cir. 1982) (reversing the district court's decision to take judicial notice of the premise that asbestos causes cancer because it was inextricably linked to numerous disputed issues).

Court. Thus, the Court is unable to make any pretrial determination as to whether those proceedings or lawsuits are relevant to any issue remaining to be tried in this cause. However, given that evidence of separate lawsuits/claims often raises Rule 403 concerns,[10] the Court will err on the side of caution and partially grant this motion. Counsel for Faulstick shall not mention nor attempt to place before the jury, through witnesses or otherwise, any information about other lawsuits or proceedings involving Southern Tire without first securing a ruling from the Court on its admissibility.

## Conclusion

IT IS THEREFORE ORDERED AND ADJUDGED that Southern Tire's Motion *in Limine* [76] (Emotional Distress) is granted. Plaintiff and his counsel are prohibited from presenting arguments, statements, or evidence to the jury at trial regarding Plaintiff's alleged pain and suffering, emotional distress, mental anguish, loss of reputation, embarrassment, and humiliation resulting from Southern Tire's purported discrimination.

IT IS FURTHER ORDERED AND ADJUDGED that Southern Tire's Motion *in Limine* [77] (Liquidated Damages) is granted in part and denied in part. Counsel for the Plaintiff shall not mention nor attempt to place before the jury, through witnesses or otherwise, statements or evidence concerning the net worth, financial condition, or financial status of Southern Tire or its owners. Also, counsel for the Plaintiff shall not, through witnesses or otherwise, argue, state, assert, or request that the jury "send a

---

[10] *See, e.g.*, *Batiste-Davis v. Lincare, Inc.*, 526 F.3d 377, 380-81 (8th Cir. 2008); *Jackson-Hall v. Moss Point Sch. Dist.*, No. 3:11cv42, 2012 WL 1098524, at *4 (S.D. Miss. Apr. 2, 2012); *Aiken v. Rimkus Consulting Group, Inc.*, No. 1:06cv741, 2007 WL 4245906, at *2 (S.D. Miss. Nov. 29, 2007), *aff'd*, 333 Fed. Appx. 806 (5th Cir. 2009).

message" or act as the "conscience of the community" in rendering its verdict. The motion is denied in all other respects.

IT IS FURTHER ORDERED AND ADJUDGED that Southern Tire's Motion *in Limine* [79] (Front Pay) is denied without prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that Southern Tire's Motion *in Limine* [80] (EEOC Proceedings) is denied without prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that Southern Tire's Motion *in Limine* [81] (Other Proceedings) is granted in part, as outlined above.

SO ORDERED AND ADJUDGED this the 14th day of August, 2014.

>*s/Keith Starrett*
>UNITED STATES DISTRICT JUDGE